**In re Sidney L. BORN, Debtor.**

**HOYT, INC., G.C.R.E.A., Ltd., No. 12, and Albert E. Kuehnert, Plaintiffs,**

**v.**

**Sidney L. BORN, Defendant.**

**Bankruptcy No. 80–00147–HP.**

**Adv. No. 81–0382–HP.**

United States Bankruptcy Court, S. D. Texas, Houston Division.

July 21, 1981.

Rhett G. Campbell, Morris, Campbell & Seikel, Houston, Tex., for defendant.

Allan R. Lazor, Richie & Greenberg, Houston, Tex., for plaintiffs.

Memorandum Opinion on Motion for Summary Judgment

EDWARD H. PATTON, Jr., Bankruptcy Judge.

This opinion concerns a motion for summary judgment in an adversary proceeding brought by a creditor objecting to the claim of exemptions filed by a debtor in a Chapter 11 proceeding under the Bankruptcy Code.[1]

Sidney L. Born is an individual debtor in a Chapter 11 proceeding currently pending before this court. Mr. Born filed a list of exemptions pursuant to § 522 of the Bankruptcy Code on February 14, 1980. On May 8, 1981, Hoyt, Inc., G.C.R.E.A., Ltd., No. 12,

---

1. Although an objection to exemptions is not classified as an adversary proceeding by Bankruptcy Rule 701, the court can conceive no prejudice by so proceeding. See Bankruptcy Rule 914.

and Albert E. Keuhnert filed an adversary proceeding objecting to the exemptions taken by Mr. Born. Mr. Born has moved for summary judgment on the grounds that no objection was filed within 15 days as provided in Rule 403(c) of the Rules of Bankruptcy Procedure. There has been no response by the objecting creditors to the motion for summary judgment.

The issue presented is whether an objection to the exemptions claimed by a Chapter 11 debtor must be made within 15 days after the exemption claims are filed.

Section 522(1) of the Bankruptcy Code provides that property claimed as exempt is automatically exempt unless there is an objection. Section 522 is made applicable to proceedings under Chapter 11 by § 103(a) of the Bankruptcy Code. Rule 403(c) of the Rules of Bankruptcy Procedure permits creditors to object to a claim for exemptions within 15 days after the trustee files a report on exemptions, unless further time is granted by the court before the 15 day period has run. Rule 11–47 of the Rules of Bankruptcy Procedure makes only paragraph (a) of Rule 403 (which requires that exemptions be claimed in the schedules of property) applicable to Chapter 11 proceedings. Significantly, Rule 11–47 does not make Rule 403(c) applicable to reorganization proceedings. The Advisory Committee's note to Rule 11–47 clearly indicates that the time limit imposed by Rule 403(c) should not apply to cases under Chapter XI:

> Since no time limitations are imposed in this rule or in the bankruptcy rule, the debtor is not estopped from claiming exemptions under Bankruptcy Rule 403 if the Chapter XI case is later converted to bankruptcy, nor are creditors or the trustee prevented from objecting to the claim if there had been no litigation of the issue in the Chapter XI case.

Ordinarily, the matter of exempt property is not important in a Chapter 11 proceeding because exempt property is usually not set apart to the debtor as it is under Chapter 7. Also, a trustee's report on exemptions is not usually filed in a Chapter 11 case since a trustee is not appointed as a matter of course. In a Chapter 11 case where there is a debtor-in-possession there is no independent entity to promptly evaluate the propriety of exemptions as in a Chapter 7 proceeding, so it is not surprising that the time limit of Rule 403(c) has not been made applicable by Rule 11–47. *See also* 14 *Collier on Bankruptcy,* ¶ 11–47.03 at 11–47–3 (14th ed. 1976). All of the cases cited by the attorneys for Mr. Born requiring objections to be filed within the time limits of Rule 403(c) are distinguishable because they are cases under Chapter 7 or possibly Chapter 13. None deal with exemptions under Chapter 11. Bankruptcy Rule 11–47 is not inconsistent with the Bankruptcy Reform Act of 1978 and is therefore applicable to this case.

The court notes that a disclosure statement has been approved and a confirmation hearing on Mr. Born's plan is set for August 12, 1981. It appears to the court that in this case the objection to the exemptions may properly be considered as part of the confirmation procedure. At the confirmation hearing the court must find that the plan meets the "best interest of creditors" test for the plan to be confirmed. That is, under § 1129(a)(7)(A)(ii) the creditors must receive at least as much under the reorganization plan as would be received on liquidation. If some exemptions have been improperly claimed, it would mean that those assets wrongfully claimed exempt would be available to creditors upon liquidation. Therefore, it may be necessary for the court to consider objections to exemptions to determine whether the plan meets the requirements of § 1129(a)(7)(A)(ii).

For the reasons stated above, the motion for summary judgment will be denied. An order conforming with this opinion is being entered this date.